ON APPLICATION FOR REHEARING— REMAND FROM THE SUPREME COURT
PER CURIAM.
The Louisiana Supreme Court reversed this Court’s judgment which dismissed plaintiffs’ suit on an exception of prescription and remanded the matter for our review of the damages awarded by the jury. Shortess v. Touro Infirmary, 508 So.2d 938 (La.App. 4th Cir.1987), rev’d 520 So.2d 389 (La.1988).
On remand the majority affirmed the jury award of $25,000 in general damages to Mrs. Shortess and $10,000 in special damages to Judge Shortess. Judge Barry dissented and said $100,000 would be at the lower end of the compensatory range. We granted a rehearing and have reconsidered quantum.
An appellate court should not disturb the factfinder’s determination of quantum unless there was an abuse of its very great discretion in determining damages. Reck v. Stevens, 373 So.2d 498 (La.1979). Upon a finding of an abuse of that discretion, an appellate court is not allowed to simply determine what it considers to be an appropriate award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The reviewing court can raise the award to the lowest amount or lower it to the highest amount the factfinder could have reasonably awarded under the circumstances. Emerson v. Empire Fire and Marine Insurance Company, 393 So.2d 691 (La.1981).
The facts, medical testimony and procedural history are accurately summarized in the majority opinion on remand. After a review of Mrs. Shortess’ medical history, her suffering and possible future problems, we conclude the factfinder abused its discretion by awarding Mrs. Shortess $25,000.
In November, 1980 Mrs. Shortess underwent spinal surgery to correct severe scoliosis and was given five units of packed red blood cells. Dr. Salvadore LaRocca, orthopedic surgeon, testified she became jaundiced several months later and was diagnosed as having chronic persistent hepatitis. The hepatitis greatly complicated her recovery from the spinal surgery.
In January, 1981 Dr. William Luikart, an internist, diagnosed viral hepatitis, non-A/non-B hepatitis, most probably caused by contaminated blood. Dr. Luikart noted that Mrs. Shortess’ particular type of hepatitis may result in the development of scar tissue or cirrhosis and she would have to be followed medically. He stated that Mrs. Shortess’ hepatitis would vacillate from a chronic acute to a chronic persistent condition. In 1983 Dr. Luikart said she had chronic active mild hepatitis.
Dr. Harris Hyman, an internist with a subspecialty in gastroenterology, performed a liver biopsy in 1983 which showed chronic active hepatitis with piecemeal necrosis. In 1984 a second biopsy still revealed hepatitis. Dr. Hyman stated that Mrs. Shortess may have to be followed throughout her life for hepatitis.
Dr. Salvadore LaRocca, who performed surgery on Mrs. Shortess in 1980, 1983 and 1985, testified that she was still suffering from hepatitis in June, 1985. Her liver functions did not return to normal until late 1985.
*454 Mrs. Shortess testified that after her surgery in November, 1980, she began to feel weak around Christmas and was tired and nauseated. She had to rest often and could not complete prescribed rehabilitation, her household tasks, or volunteer work. Mrs. Shortess testified that she did not feel well until several months prior to trial in April, 1986. Mrs. Shortess said she was frightened and concerned about her future.
Judge Melvin Shortess, her husband, testified that around Christmas, 1980 his wife became nauseated, vomited, had no energy, was unable to perform normal chores and stayed in bed a great deal. It was not until 1985 that she began to feel better.
We conclude the $25,000 general damage award is woefully inadequate and clearly an abuse of discretion. The record clearly shows that Mrs. Shortess experienced a very painful, prolonged illness and she has reasonable concern for her future health. The general damage award should be increased to $90,000 as the lowest amount which would adequately compensate Mrs. Shortess. We do not consider the appropriateness of the award of $10,000 for special damages which appellees’ brief expressly abandoned.
The judgment is amended to award Mrs. Shortess $90,000 for general damages. In all other respects the judgment is affirmed.
AMENDED; AFFIRMED AS AMENDED.